**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| 4WEB, INC., <br><br> Plaintiff, <br><br> v. <br><br> NUVASIVE, INC., <br><br> Defendant. | Civil Action No.: 2:23-cv-192 |

**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR,
IN THE ALTERNATIVE, TO TRANSFER TO
<u>THE SOUTHERN DISTRICT OF CALIFORNIA</u>**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | | INTRODUCTION ................................................................................................ | 1 |
| II. | | STATEMENT OF FACTS ................................................................................... | 1 |
| III. | | LEGAL STANDARD .......................................................................................... | 2 |
| IV. | | ARGUMENT ........................................................................................................ | 3 |
| | A. | NuVasive Does Not Reside in the Eastern District of Texas. ................................ | 3 |
| | B. | NuVasive Does Not Have a "Regular and Established Place of Business" in the Eastern District of Texas. ...................................................................................... | 4 |
| | | 1.  No Physical Place in E.D. Tex. ...................................................................... | 4 |
| | | 2.  No Regularly Established Business in E.D. Tex. ........................................... | 5 |
| | | 3.  The Places of Business Alleged in the Amended Complaint Are Not NuVasive's ..................................................................................................... | 9 |
| | C. | Alternatively, the Court Should Transfer Venue to the Southern District of California. ............................................................................................................. | 10 |
| V. | | CONCLUSION .................................................................................................... | 13 |

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alexsam, Inc. v. Sion Prop. Grp. (Tex.), L.P.*,
　No. 19-cv-00331-JRG, 2021 WL 8441707 (E.D. Tex. Sept. 3, 2021)
　(Gilstrap, J.) ...................................................................................................................3

*Anderson v. Dominion Fin. Servs. LLC*,
　No. 23-cv-00195-JRG, 2023 WL 5723654 (E.D. Tex. Sept. 5, 2023)
　(Gilstrap, J.) ...................................................................................................................7

*Correct Transmission LLC v. ADTRAN, Inc.*,
　No. 20-cv-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ...............................10

*Fractus S.A. v. ZTE Corp.*,
　No. 17-cv-00561-JRG, 2018 WL 11363369 (E.D. Tex. Sept. 28, 2018) ...............................10

*Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*,
　290 F. Supp. 3d 599 (N.D. Tex. 2017) ...........................................................................3, 10

*In re Cray Inc.*,
　871 F.3d 1355 (Fed. Cir. 2017) ................................................................................ passim

*In re Google LLC*,
　949 F.3d 1338 (Fed. Cir. 2020) ..........................................................................................9

*In re TikTok, Inc.*,
　85 F.4th 352 (5th Cir. 2023) .......................................................................................11, 12

*In re Volkswagen AG*,
　371 F.3d 201 (5th Cir. 2004) .......................................................................................11, 12

*In re ZTE (USA) Inc.*,
　890 F.3d 1008 (Fed. Cir. 2018) ..........................................................................................3

*Intirion Corp. v. Coll. Prods.*,
　No. 22-cv-459-ADA, 2023 WL 2904584 (W.D. Tex. Apr. 11, 2023) .....................................3

*IOT Innovations LLC v. Monitronics Intl., Inc.*,
　No. 2:22-CV-0432-JRG-RSP, 2023 WL 6318049 (E.D. Tex. Sept. 11, 2023) ........................7

*Mantissa Corp. v. Great Am. Bancorp, Inc.*,
　446 F. Supp. 3d 398 (C.D. Ill. 2020) ..................................................................................9

*Parallel Network Licensing LLC v. Arrow Elecs., Inc.*,
　No. 21-cv-00714, 2022 WL 1597364 (E.D. Tex. May 19, 2022) ...........................................4

*Personal Audio, LLC v. Google, Inc.*,
   280 F. Supp. 3d 922 (E.D. Tex. 2017) ..................................................................... 9

*Regents of Univ. of Minnesota v. Gilead Scis., Inc.*,
   299 F. Supp. 3d 1034 (D. Minn. 2017) .................................................................. 10

*Seven Networks, LLC v. Google LLC*,
   315 F. Supp. 3d 933 (E.D. Tex. 2018) (Gilstrap, J.) ............................................... 7

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ................................................................................................ 11

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
   282 F. Supp. 3d 916 (E.D. Va. 2017) ..................................................................... 5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   581 U.S. 258 (2017) ................................................................................................ 3

*Trois v. Apple Tree Auction Ctr., Inc.*,
   882 F. 3d 485 (5th Cir. 2018) ................................................................................. 3

*Ultravision Techs., LLC v. Govision, LLC*,
   No. 2:18-CV-00100-JRG-RSP, 2020 WL 896767 (E.D. Tex. Jan. 21, 2020) ......... 9

*Uniloc USA, Inc. v. Nutanix, Inc.*,
   No. 2:17-CV-00174-JRG, 2017 WL 11527109 (E.D. Tex. Dec. 6, 2017) .............. 5

*Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*,
   No. 10-CV-160-JRG, 2012 WL 194370 (E.D. Tex. Jan. 23, 2012) (Gilstrap, J.) ................................................................................................................... 7

*Westech Aerosol Corp. v. 3M Co.*,
   No. 17-cv-5067-RBL, 2017 WL 3387363 (W.D. Wash. Aug. 7, 2017) ............... 10

**STATUTES**

28 U.S.C. § 1400(b) ........................................................................................... passim

28 U.S.C. § 1404(a) .................................................................................................. 11

28 U.S.C. § 1406(a) .................................................................................................. 10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(3) ............................................................. 2, 3

I.      INTRODUCTION

The original Complaint failed to establish proper venue. Following a meet and confer, when Plaintiff insisted its allegations were sufficient, Defendant NuVasive filed a motion to dismiss under Rule 12(b)(3). Only after forcing NuVasive to file a motion did Plaintiff file an amended pleading with additional venue allegations. But the new allegations only make clearer that NuVasive has no regular and established place of business in the Eastern District of Texas, and that any presence it does have in this District is completely transient.

NuVasive developed the accused products at its headquarters in San Diego. NuVasive also prepared the marketing and instructional literature for the accused products in San Diego, and the company directed its financial and sales operations from there. The Amended Complaint alleges that a handful of remote NuVasive employees live in this District and "can commute" to hospitals and surgery centers, none of which NuVasive owns or controls. That is a far cry from NuVasive having a regular and established place of business in this District. It is also insufficient to satisfy the patent venue statute.

II.     STATEMENT OF FACTS

NuVasive is a global medical technology company focused on developing, manufacturing, and making available to patients innovative, less-invasive techniques and technologies for spine surgery. NuVasive is incorporated in Delaware and its primary corporate office is in San Diego, California. It has additional facilities in the New York metropolitan area, Tennessee, and Ohio. It has international facilities in Singapore and Amsterdam.[1] The Accused Products in this case—NuVasive's Modulus line of intervertebral spinal implants—were developed by employees located in California and working out of NuVasive's headquarters in San Diego. Declaration of Elsa

---

[1] *See, e.g.*, https://www.nuvasive.com/contact/#locations.

LaFarga ("Decl.," filed herewith) ¶ 7. NuVasive's activities in San Diego include not only the design of the physical implants themselves, but also the creation of the marketing and instructional materials used by surgeons. *Id.* at ¶ 8. NuVasive's financial activities are based in San Diego, and the company directs sales activities from San Diego as well. *Id.*

NuVasive does not maintain a regular place of business in the Eastern District of Texas. NuVasive does not own, lease, or operate any office space or other facility in this District, nor does the Amended Complaint allege that it does. *See generally* ECF No. 21, Amended Complaint ("Am. Compl."); Decl. ¶ 3.

The Amended Complaint alleges that NuVasive has remote employees who live in the Eastern District of Texas, who may commute to hospitals within this District and "maintain inventory at the hospital or surgery center for use in" surgeries performed in this District. Am. Compl. ¶¶ 12, 14–19. But NuVasive does not require any of its employees to live in the Eastern District of Texas or to use their homes or personal vehicles as the place from which NuVasive conducts business. Decl. ¶¶ 4–5. The Amended Complaint alleges only, on information and belief, that NuVasive requires "employees that work remotely within this District to store inventory of the product at issue and relevant literature . . . at their remote places of work . . . ." Am Compl. ¶ 18. The Amended Complaint also alleges that NuVasive has advertised—but has not yet hired—a remote work opportunity in Beaumont, Texas. Am. Compl. ¶ 20. But, again, the Complaint does not allege that any individuals will use any future employees' home in the Eastern District as a place from which NuVasive will regularly conduct business.

### III.      LEGAL STANDARD

The Court should dismiss an action under Federal Rule of Civil Procedure 12(b)(3) where venue is improper. Under the patent venue statute, infringement actions may be brought either "where the defendant resides, or where the defendant has committed acts of infringement and has

2

a regular and established place of business." 28 U.S.C. § 1400(b). The plaintiff bears the burden of establishing that its chosen venue is appropriate. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *accord Alexsam, Inc. v. Sion Prop. Grp. (Tex.), L.P.*, No. 19-cv-00331-JRG, 2021 WL 8441707, at *3 (E.D. Tex. Sept. 3, 2021) (Gilstrap, J.).

In deciding a Rule 12(b)(3) motion, the Court is not limited to the four corners of the complaint and may consider evidence submitted by the parties. *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F. 3d 485, 492–93 (5th Cir. 2018); *see also Intirion Corp. v. Coll. Prods.*, No. 22-cv-459-ADA, 2023 WL 2904584, at *2 (W.D. Tex. Apr. 11, 2023) (finding the plaintiff's chosen venue to be improper in part by relying on a declaration submitted by the defendant); *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) ("[T]he Court may consider evidence in the record beyond the facts alleged in the [Complaint] and its attachments, including affidavits or evidence submitted by [Defendant] in support of its motion to dismiss, or by Plaintiffs in response to the motion.").

## IV.   ARGUMENT

### A.   NuVasive Does Not Reside in the Eastern District of Texas.

A plaintiff's chosen venue can be appropriate if the defendant resides in that district, 28 U.S.C. § 1400(b). But as the Supreme Court explained, "a domestic corporation 'resides' only in its State of incorporation." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). NuVasive is incorporated in Delaware, as Plaintiff admits in its complaint. Am. Compl. ¶ 4. Thus, NuVasive does not reside in the Eastern District of Texas. The first prong of section 1400(b) does not provide a basis for venue here.

### B. NuVasive Does Not Have a "Regular and Established Place of Business" in the Eastern District of Texas.

Venue can be appropriate if "the defendant has committed acts of infringement and has a regular and established place of business" in a particular district. 28 U.S.C. § 1400(b) (emphasis added). To start, while NuVasive disputes and does not concede that it has committed any acts of infringement, for purposes of this Motion, NuVasive focuses on the absence of a regular and established place of business in this District. For a defendant to have a regular and established place of business: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "A plaintiff must prove all three of these requirements to establish proper venue under the second prong of the statute." *Parallel Network Licensing LLC v. Arrow Elecs., Inc.*, No. 21-cv-00714, 2022 WL 1597364, at *2 (E.D. Tex. May 19, 2022). Here, Plaintiff has not established any of the three required elements.

#### 1. No Physical Place in E.D. Tex.

NuVasive does not have a physical place in the Eastern District. *Id.* at *4 (quoting *Cray*, 871 F.3d at 1362) ("While the 'place' need not be a formal office or store, 'there must still be a physical, geographical location in the district from which the business of the defendant is carried out.'"). NuVasive does not own or lease facilities in the Eastern District. Decl. ¶ 3.

In search of a physical place, the Amended Complaint focuses on "surgery centers and hospitals" that are located in the Eastern District of Texas. *E.g.*, Am. Compl. ¶ 15. But NuVasive does not own or operate surgery centers or hospitals in this District or anywhere else; it has no control over what goes on within them. *See* Section IV.B.2, *infra*.

The Amended Complaint also alleges that "NuVasive and its affiliates have at least three Texas taxpayer identification numbers . . . and a Texas registered agent," Am. Compl. ¶ 27, but

those allegations are of no import to the question of whether venue is proper in this District. *See Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931 (E.D. Va. 2017) (ignoring defendant's registration to conduct business and appointment of a registered agent to accept service of process as allegations that do not "ha[ve] any bearing on whether [a defendant] maintains a physical place within the District").

### 2. No Regularly Established Business in E.D. Tex.

In the absence of any physical presence, Plaintiff alleges that venue is proper because remote workers "perform their duties" at hospitals or surgery centers located in the Eastern District of Texas. Am. Compl. ¶¶ 15–23. But courts in this District have long held that the presence of remote workers does not demonstrate a regular and established place of business and therefore fails to satisfy the second and third prongs of the patent venue statute. *See Uniloc USA, Inc. v. Nutanix, Inc.*, No. 2:17-CV-00174-JRG, 2017 WL 11527109 (E.D. Tex. Dec. 6, 2017).

"[A] 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). Merely permitting an employee to work from home in a particular district does not establish that employee's home as a defendant's "regular and established place of business." *In re Cray*, 871 F.3d at 1365. In *Cray*, the Federal Circuit also considered such factors as whether the defendant "played a part in selecting the place's location, stored inventory or conducted demonstrations there, or conditioned [the employees'] employment or support on the maintenance of an Eastern District of Texas location." *Id.*; *see also Uniloc*, 2017 WL 11527109, at *3 (finding venue to be improper where the defendant did not "lease, or own any portion of these employees' homes," did not store inventory at the employees' houses, and did not require the employees to live in a particular area). "For purposes of § 1400(b), it is of no moment that an employee may permanently reside at a place

5

or intend to conduct his or her business from that place for present and future employers." *In re Cray*, 871 F.3d at 1365.

At most, the Amended Complaint alleges that NuVasive has employees that occasionally and transiently appear at hospitals and operating rooms in the Eastern District. *E.g.*, Am. Compl. ¶ 15 (NuVasive employees "**can commute** to surgery centers and hospitals") (emphasis added). These allegations are legally insufficient to show that NuVasive has a "regular and established place of business" in this District. The hospitals and surgery centers have no affiliation to NuVasive and carry out their own business of providing medical care. NuVasive's business—the research, design, marketing, and sale of spinal implant products—is carried out elsewhere.

Plaintiff' alleges that NuVasive's employees may travel to visit hospitals and surgery centers, some of which are located in this District. *See* Am. Compl. ¶ 17. But the transient nature of these employees' activities in this District, particularly where they are not required to live in the District and NuVasive does not own or lease any facilities here, Decl. ¶¶ 3–5, falls well short of establishing that NuVasive has a regular and established place of business here. *See In re Cray*, 871 F.3d at 1365 (noting that where employment is not conditioned on residence or activities in the District weighs against a finding of proper venue). That employees' job duties may require them to be on-site at hospitals does not transform those hospitals into ***NuVasive's*** regular and established place of business.

The Amended Complaint sums up its allegations by stating that NuVasive "conducts regular and continuous business in a steady, uniform, orderly and methodical manner," language from this Court's recent decision in *IOT Innovations*. *IOT Innovations LLC v. Monitronics Intl., Inc.*, No. 2:22-CV-0432-JRG-RSP, 2023 WL 6318049 (E.D. Tex. Sept. 11, 2023), *report and recommendation adopted*, No. 2:22-CV-0432-JRG-RSP, 2023 WL 6300560 (E.D. Tex. Sept. 27,

6

2023) (Gilstrap, J.). In *IOT Innovations*, the defendant home security alarm company had over 14,700 customers in the Eastern District, and the defendant's alarm technicians stored company products at their homes and in their company vehicles each night. 2023 WL 6318049, at *3. NuVasive's presence in this District is nowhere near as regular. Among other things, *IOT Innovations* involved allegations that the defendant leased cars for its employees to travel within the District. *IOT Innovations*, 2023 WL 6318049, at *3. There are no such allegations here. NuVasive does not lease cars for its employees to travel within this District. Decl. ¶ 4. NuVasive employees travel into and out of the District using their own vehicles, so there is no physical property in the district that is owned or controlled by NuVasive. *Id.*; *see also Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 951 (E.D. Tex. 2018) (Gilstrap, J.) (finding that venue was proper in this district where the defendant "exercise[d] exclusive control over the physical server and the physical space within which the server is located and maintained").

Plaintiff seeks to expand the reach of the patent venue statute beyond its well-established limitations by alleging "substantial business activities" in this District. But that is not the correct standard. "Substantial business activities" may be relevant to determining if personal jurisdiction exists, or whether the action should be transferred for convenience to a venue that otherwise satisfies the patent venue statute. *E.g.*, *Anderson v. Dominion Fin. Servs. LLC*, No. 23-cv-00195-JRG, 2023 WL 5723654, at *2 (E.D. Tex. Sept. 5, 2023) (Gilstrap, J.) (discussing "substantial business activities" in evaluation of general jurisdiction); *Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 10-CV-160-JRG, 2012 WL 194370 (E.D. Tex. Jan. 23, 2012) (Gilstrap, J.) (discussing "substantial business activities" in considering whether to transfer venue for convenience).

Paragraph 19 of the Amended Complaint lists a series of alleged "substantial business activities" purportedly conducted here. That paragraph proceeds from the flawed premise that

7

surgeons listed on the NuVasive "Surgeon Locator" website are "Employees of NuVasive." *See id.* (citing www.nuvasive.com/surgeon-locator-2/#locator). However, NuVasive's website leaves no doubt that any surgeons listed on the website are **not** NuVasive employees and any services they provide are not performed on NuVasive's behalf:[2]

**SURGEON LOCATOR**

Please note that NuVasive provides this listing as a service. We have no vested interest in any specific physicians, nor do we provide any recommendation, assurance, or guarantee with respect to their service.

Find a spine surgeon    Find a limb reconstruction surgeon

With respect to the allegation that NuVasive has posted job openings for remote positions that are open to individuals who live in the District, Am. Compl. ¶ 20, there is no requirement that a future employee be located here and no suggestion whatsoever that the employee's home will become a "regular and established place of business" for NuVasive. Decl. ¶¶ 4–5; *see In re Cray*, 871 F.3d at 1364 (explaining that "the mere fact that a defendant has advertised that it has a place of business . . . is not sufficient" to show venue); *Ultravision Techs., LLC v. Govision, LLC*, No. 2:18-CV-00100-JRG-RSP, 2020 WL 896767, at *2 (E.D. Tex. Jan. 21, 2020), *report and*

---

[2]  *See* https://www.nuvasive.com/surgeon-locator-2/#locator ("Please note that NuVasive provides this listing as a service. We have no vested interest in any specific physicians, nor do we provide any recommendation, assurance, or guarantee with respect to their service."

*recommendation adopted*, 2020 WL 887754 (E.D. Tex. Feb. 24, 2020) (finding that the defendant did not have a regular and established place of business in the Eastern District where its job posting searched for candidates in seven different U.S. regions, even though one of the regions was "South Central"); *cf. Mantissa Corp. v. Great Am. Bancorp, Inc.*, 446 F. Supp. 3d 398, 404 (C.D. Ill. 2020) (holding that past advertisements for a job in the district did not establish venue because the allegations did not establish that the defendant was currently using an employee's residence as a place of business).

Venue is improper because NuVasive has no regular and established place of business in this District.

### 3. The Places of Business Alleged in the Amended Complaint Are Not NuVasive's

No place of business in the Eastern District is the "place of" NuVasive within the meaning of the statute. *In re Google LLC*, 949 F.3d at 1345 (holding plaintiff must establish that "an employee or other agent of the defendant [was] conducting the defendant's business at the alleged 'place of business'"). The Amended Complaint alleges only that NuVasive employees live and work in this district, not that NuVasive has ratified any of those homes as an official place of business for the company. *See Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 936 (E.D. Tex. 2017) (plaintiff failed to "show that the homes of the [defendant's] "employees" are in any way under the control of [defendant] or were ever held out as [defendant]'s places of business" and "[t]he fact that [defendant] may allow its employees to work from the Eastern District of Texas does not establish proper venue in this district."); *see also Correct Transmission LLC v. ADTRAN, Inc.*, No. 20-cv-00669-ADA, 2021 WL 1967985, at *4 (W.D. Tex. May 17, 2021) (explaining that a defendant "must 'establish or ratify' an employee's home office for it to count as a regular place of business"); *Regents of Univ. of Minnesota v. Gilead Scis., Inc.*, 299 F. Supp. 3d 1034, 1043–45

9

(D. Minn. 2017) (holding that venue was improper in Minnesota even though some of the defendant's employees lived in Minnesota and some of those employees "maintain[ed] limited quantities of sample Gilead medications in storage lockers" and "small quantities of promotional literature in their home offices").

A sales presence of remote employees is simply insufficient to satisfy the "place" prong of the patent venue statute. *See Westech Aerosol Corp. v. 3M Co.*, No. 17-cv-5067-RBL, 2017 WL 3387363, at *3 (W.D. Wash. Aug. 7, 2017) ("[S]tanding alone, having a sales presence in a district does not confer jurisdiction over a defendant under 28 U.S.C. § 1400(b)."); *Fractus S.A. v. ZTE Corp.*, No. 17-cv-00561-JRG, 2018 WL 11363369, at *2–4 (E.D. Tex. Sept. 28, 2018) (determining that presence of multiple employees at visitor offices in a call center is not sufficient to make the call center a "place of" the defendant).

### C. Alternatively, the Court Should Transfer Venue to the Southern District of California.

Where venue is improper, the Court may, in the interest of justice, transfer the case to a district where venue is proper. 28 U.S.C. § 1406(a); *Galderma Labs., L.P.*, 290 F. Supp. 3d at 614 ("It is well-established that when a court finds venue improper, it may, in the interest of justice, transfer the case to any district or division in which the case could have been brought.").

In the event the Court declines to dismiss this case outright, it should transfer the case to the Southern District of California. NuVasive's San Diego headquarters are the center of its operations. The company's research and development, marketing, patient outreach, and finance functions are all directed from its San Diego office. All of the alleged activities relevant to 4WEB's claims of direct and induced infringement would have been directed from NuVasive in San Diego: NuVasive designed the accused Modulus products and prepared the marketing and instructional material for its use in San Diego. Decl. ¶ 8. Virtually all of the documents and

witnesses in the case are located in San Diego. *Id.* at ¶¶ 6–8; 28 U.S.C. § 1400(b). Transfer to the Southern District of California is therefore appropriate.

The Court can also transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981)). The private concerns that a court may consider are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public concerns are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

The private interest factors all weigh in favor of transfer to the Southern District of California. Because NuVasive's witnesses and evidence are located in San Diego, litigating and trying a case there will be efficient and inexpensive. *See* Decl. ¶ 7; *In re TikTok*, 85 F.4th 352, 366 (5th Cir. 2023) (finding transfer appropriate where "[t]he only individuals in the United States

11

who have any documented connection to this dispute are located outside the district").[3] Also, the Amended Complaint makes reference to a number of former NuVasive employees, *e.g.*, ECF No. 21 at ¶ 49, who are still located in or near the region covered by the Southern District of California, such that compulsory process is only available to compel their appearance there. *See In re TikTok, Inc.*, 85 F.4th at 366 ("A district court abuses its discretion by denying a motion to transfer when virtually all of the events and witnesses regarding the case are in the transferee forum.").[4]

The public interest factors also weigh in favor of transfer to the Southern District of California as well. The local interest in adjudicating the case is high; NuVasive's products at issue in this litigation were researched and developed primarily from its San Diego location. Decl. ¶¶ 7–8.[5] Also, the Southern District of California has a robust set of Patent Local Rules[6] and is well-equipped to deal with this case from an administrative perspective.

---

[3]  4WEB has argued that current NuVasive employees in the San Diego area "could easily be brought to this District for trial at Defendant's command." ECF No. 22 at 3–4. That argument totally ignores steep travel costs and convenience facts, both relevant private factors under *Volkswagen*.

[4]  4WEB has referred to the parties' Initial Disclosures to support its arguments against transfer, even arguing that they make "clear that many witnesses identified as pertinent to this case are located in the Eastern District of Texas." ECF No. 22 at 3. But the parties' Initial Disclosures are not instructive on the location of the witnesses. Plaintiff identified on its Initial Disclosures 14 persons and groups of persons with knowledge of the case, but did not identify where any of them are located. Instead, they are to be contacted through Plaintiff's counsel Leason Ellis LLP, located in White Plains, New York. ECF No. 22-2, at 2–7. There is no evidence that non-party witnesses located in other states would more easily travel to Marshall than to San Diego. ECF No. 22 at 4.

[5]  Plaintiff's cursory arguments against transfer in their opposition to NuVasive's now-moot motion to dismiss the original complaint, ECF No. 22, miss the point. 4WEB's spinal implants are not on trial, NuVasive's are, and indeed the Amended Complaint extensively references NuVasive's portfolio of spinal products and development activities, all of which occurred in San Diego. Decl. ¶¶ 6–8.

[6]  S.D. Cal. Local Rules, Patent Local Rules, *available at* https://www.casd.uscourts.gov/_assets/pdf/rules/2023.08.18%20Local%20Rules.pdf.

## V.  CONCLUSION

For the reasons above, NuVasive respectfully requests this Court dismiss this action for improper venue or, in the alternative, transfer the case to the Southern District of California.


Dated: November 20, 2023                              Respectfully submitted,

By:  /s/ *Shaun W. Hassett*
Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON, P.C.
102 North College, Suite 900
Tyler TX  75702
Telephone:  903.597.8311
Facsimile:  903.593.0846
mikejones@potterminton.com
shaunhassett@potterminton.com

Colin Cabral (670234 MA)
James Anderson (693781 MA)
PROSKAUER ROSE
One International Place, 22nd Floor
Boston, MA 02110-2600
Telephone:  617.526.9600
Facsimile:   617.526.9899
ccabral@proskauer.com
jaanderson@proskauer.com

COUNSEL FOR DEFENDANT

13