UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4WEB, INC.,<br><br>                          Plaintiff,<br><br>v.<br><br>NUVASIVE, INC.,<br><br>                          Defendant. | Case No.: 24-CV-1021 JLS (MMP)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE OR, IN THE ALTERNATIVE, ADD 4WEB, LLC AS A PLAINTIFF**<br><br>(ECF No. 71) |

      Presently before the Court are Plaintiff 4WEB, Inc.'s Motion to Substitute or, in the Alternative, Add 4Web, LLC as a Plaintiff ("Mot.," ECF No. 71) and Memorandum of Points and Authorities in Support thereof ("Mem.," ECF No. 71-1), to which Defendant NuVasive, Inc. filed an Opposition ("Opp'n," ECF No. 78) and Plaintiff filed a Reply ("Reply," ECF No. 80). After considering the Parties' arguments and the law, the Court **GRANTS** the Motion.

      Plaintiff brought this patent infringement action in the United States District Court for the Eastern District of Texas on April 25, 2023. *See* ECF No. 1. Initially asserted were

/ / /

over 100 claims across eleven patents relating to spinal implant technology.[1,2] *See* ECF No. 21 ("FAC"). The patents at issue are U.S. Patent Nos. 8,430,930 (the "'930 patent"); 9,999,516 (the "'516 patent"); 9,545,317 (the "'317 patent"); 11,278,421 (the "'421 patent"); 9,271,845 (the "'845 patent"); 9,549,823 (the "'823 patent"); 9,572,669 (the "'669 patent"); 9,757,235 (the "'235 patent"); 10,849,756 (the "'756 patent"); 9,987,137 (the "'137 patent"); and 9,636,226 (the "'226 patent") (collectively, "Patents-in-Suit"). *See id.* ¶¶ 71, 82, 92, 102, 112, 123, 134, 145, 156, 167, 178. At the time the suit was filed, Plaintiff alleged that it "own[ed] by assignment all right, title and interest in" the Patents-in-Suit. *Id.* ¶¶ 35–44.

Plaintiff now represents that it no longer possesses any ownership interest in the Patents-in-Suit as it assigned all rights in the patents to 4Web, LLC ("Assignee")—a business entity whose parent companies are Plaintiff and CF 4WB Holdings LLC—under a patent assignment dated March 18, 2024 ("Patent Assignment"). *See* Mem. at 2 (citing Ex. 1 ("Assignment"), ECF No. 71-3). In the Patent Assignment, Plaintiff acknowledged that it "does hereby contribute, assign, transfer, and convey unto 4Web, LLC . . . all right, title, and interest that exist today and may exist in the future in and to" a set of several dozen provisional patent applications, patent applications, and patents, including all of the Patents-in-Suit. *See* Assignment at 4–8. Plaintiff further agreed to assign "all causes of action and other enforcement rights for (1) damages, (2) injunctive relief, and (3) any other remedies of any kind for past, current, and future infringement . . . ." *Id.* at 9. Plaintiff recorded these assignments with the United States Patent and Trademark Office on April 5, 2024. *See* Ex. 2 ("USPTO Recordation"), ECF No. 71-3.

---

[1] On September 24, 2024, the Court granted in part and denied in part Defendant's Motion for Patent Claim Reduction, requiring Plaintiff to select no more than thirty-two (32) of its presently asserted claims within fourteen (14) days. *See* ECF No. 103 at 7–8. The Court is under the impression that Plaintiff has satisfied that requirement. *See* ECF No. 104 at 2 (noting a joint proposed date of October 9, 2024, for Plaintiff to narrow its claims to a total of 32).

[2] Pin citations refer to the CM/ECF numbers electronically stamped at the top of each page.

1   Plaintiff now wishes to substitute or, in the alternative, add Assignee as a plaintiff in
2   the instant suit. Plaintiff's argument is simple: It contends that Assignee now "has sole
3   standing to sue," so substitution under Federal Rule of Civil Procedure 25(c) is proper to
4   cure the jurisdictional defect created by the Patent Assignment. Mem. at 4–5. Because the
5   authenticity of the Patent Assignment is uncontested, Plaintiff argues that Defendant has
6   no legitimate basis for disputing the Motion. *See* Reply at 3.

7   Defendant does not necessarily contest substitution of Assignee as a conceptual
8   matter, but rather argues that the Court should postpone consideration of the Motion until
9   further discovery is conducted. Specifically, Defendant seeks discovery related to the
10  business relationships between Assignee; CF 4WB Holdings, LLC; and Fortress
11  Investment Group, a self-described "global leader in litigation finance." Opp'n at 3–4
12  (quoting Fortress's website). Questions related to these relationships arose after Defendant
13  conducted an independent investigation revealing a connection between three individuals
14  listed as Managers of Assignee and CF 4WB Holdings, LLC who are also believed to be
15  affiliated with Fortress. *Id.* at 2–3 (citing filings with the Texas Secretary of State). By
16  Defendant's logic, these unearthed connections coupled with a gap in knowledge as to each
17  entity's true interest in the Patents-in-Suit entitles Defendant to additional discovery prior
18  to resolution of the instant Motion. *See id.* at 5.

19  Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred,
20  the action may be continued by or against the original party unless the court, on motion,
21  orders the transferee to be substituted in the action or joined with the original party."
22  Rule 25(c) is permissive because it "is not designed to create new relationships among
23  parties to a suit but is designed to allow the action to continue unabated when an interest
24  in the lawsuit changes hands." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quoting *In
25  re Covington Grain Co., Inc.*, 638 F.2d 1362, 1364 (5th Cir. 1981)). Quoting a leading
26  treatise, the Ninth Circuit has observed:

27          The most significant feature of Rule 25(c) is that it does not
28          require that anything be done after an interest has been

|   |   |
|---|---|
| 1 | transferred.  The action may be continued by or against the |
| 2 | original party, and the judgment will be binding on this successor |
| 3 | in interest even though he is not named.  An order of joinder is |
| 4 | merely a discretionary determination by the trial court that the |
| 5 | transferee's presence would facilitate the conduct of the |
| 6 | litigation. |

*Id.* (quoting 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1958 (2d Ed. 1986)).  In other words, "[t]he rule 'leaves the substitution decision to [the trial] court's sound discretion.'" *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, Nos. 18-cv-06737-JST; 18-cv-06739-JST; 18-cv-06740-JST, 2019 WL 690290, at *1 (N.D. Cal. Feb. 19, 2019) (quoting *In re Bernal*, 207 F.3d at 598).

Invocation of Rule 25(c) is not uncommon in patent litigation; indeed, sometimes it may be necessary.  "The general rule in federal cases is that a plaintiff must have initial standing and 'continue to have a "personal stake in the outcome" of the lawsuit.'" *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Under the Patent Act, "[a] patentee shall have remedy by civil action for infringement of his patent," 35 U.S.C. § 281, but the definition of a patentee "includes not only the patentee to whom the patent was issued but also the successors in title to the patentee," *id.* § 100(d).  Thus interpreted, an assignee who has been transferred "all substantial rights under the patent" is "deemed the effective patentee under 35 U.S.C. § 281 for purposes of holding constitutional standing to sue another for patent infringement in its own name." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) (citing *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000)).  Accordingly, Rule 25(c) can be used to substitute a patent assignee as plaintiff so long as the initial plaintiff "had standing at the time the suit was filed." *Uniloc USA*, 2019 WL 690290, at *1 (citing *Mars, Inc. v. JCM Am. Corp.*, No. CIV. 05-3165 (RBK), 2008 WL 5401604, at *3 (D.N.J. Dec. 23, 2008), *aff'd*, 374 F. App'x 956 (Fed. Cir. 2010)).  It follows that, where the original plaintiff loses

standing by virtue of an assignment, "joinder or substitution of an assignee of all rights, title, and interest in the patents-in-suit is permissible under Federal Rule of Civil Procedure 25(c) to cure a lack of standing." *Affinion Loyalty Grp., Inc. v. Maritz, Inc.*, No. Civ.A. 04-360-JJF, 2006 WL 1431065 (D. Del. May 22, 2006) (citing *Gen. Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258 (D. Del. 1982)).

In any event, a "transferee is not joined because its substantive rights are in question; rather, the transferee is brought into court solely because it has come to own the property in issue." *Minn. Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985). Substitution under Rule 25(c) "merely represent[s] a discretionary determination by the District Judge that [the transferee's] presence would facilitate his conduct of the litigation." *Id.* (quoting *Television Reception Corp. v. Dunbar*, 426 F.2d 174, 178 (6th Cir. 1970). Courts routinely use that discretion to permit substitution or joinder after an assignment to, as discussed above, cure "the temporary loss of standing during patent litigation . . . ." *See Uniloc USA*, 2019 WL 690290, at *1 (quoting *Schreiber Foods*, 402 F.3d at 1203).

The Court agrees with Plaintiff that application of Rule 25(c) is appropriate in the present matter. The Parties do not dispute that Plaintiff had constitutional standing to assert the Patents-in-Suit at the commencement of this action, so the Court accepts the basic premise, as pled in the FAC, that Plaintiff was the patentee when it filed suit. *See* FAC ¶¶ 35–44. Thereafter, the Patent Assignment unambiguously conferred "all right, title, and interest" in the Patents-in-Suit, "including, without limitation, all causes of action and other enforcement rights . . . for past, current, and future infringement." Assignment at 4, 9. Defendant cites no cases supporting the proposition that Plaintiff's Motion is procedurally or substantively improper, nor could it. It is well-settled that a district court has discretion to join as a party a subsidiary of an original plaintiff who was transferred "the patent (together with the right to sue for past infringement)." *See id.* (citing *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 385 F.3d at 1372); *see also Uniloc USA*, 2019 WL 690290, at *1. Those circumstances are present here.

Nevertheless, Defendant contends that there *may* be ancillary agreements between

Plaintiff, Assignee, and/or Fortress that call into question Assignee's standing. Opp'n at 5–6. Defendant does not challenge the facial veracity of the Patent Assignment, but speculates that these other agreements—lurking in the shadows—"may reveal a defect in standing . . . ." *Id.* at 5. To obviate the need "to burden the Court by seeking dismissal or similar relief for potential deficiencies in [Assignee's] standing," Defendant argues the Court should "abate its decision [on the Motion] until discovery on Plaintiff's transactions between and among Plaintiff, [Assignee], CF 4WB Holdings, and Fortress is complete."[3] *Id.* at 6.

Although Defendant may "raise non-frivolous concerns" about the prospect of some as of yet unknown third-party interest in the Patents-in-Suit, the Court is not persuaded that it should defer ruling on the instant Motion. On May 2, 2024, Defendant served its Second Set of Interrogatories on Plaintiff, requesting Plaintiff "[i]dentify all Persons and Entities having ownership interest, security interest, or any other financial interest in the Patents-in-Suit, and the nature of the interest." Ex. 3 at 2, ECF No. 78-2. In response, Plaintiff answered that "[n]o person or entity, other than [Assignee] has any ownership interest, security interest or financial interest in the patents-in-suit. The parent companies to [Assignee] include [Plaintiff], a Texas corporation, and CF 4WB Holdings LLC, a Texas limited liability company." *Id.* at 3. Plaintiff further represents in its Reply that it "agreed to produce (i) the Contribution and Exchange Agreement among 4WEB, Inc.; 4Web, LLC; and CF 4WB Holdings LLC and (ii) the 4Web, LLC Operating Agreement." Reply at 4 n.3. Yet, armed with this information, Defendant still cannot articulate what unknown

---

[3] Specifically, Defendant desires discovery related to:
    (1) the formation documents for 4Web, LLC and CF 4WB Holdings, LLC,
    (2) all agreements between and among Plaintiff and 4Web, LLC and CF 4WB Holdings, LLC, (3) all agreements between and among Plaintiff, 4Web, LLC, CF 4WB Holdings, LLC and Fortress (and/or any of its affiliates), and (4) communications between and among Plaintiff, 4Web, LLC, CF 4WB Holdings, LLC and Fortress related to the patents-in-suit or this litigation.
Opp'n at 4.

1  extant interest might undercut the unambiguous language in the Patent Assignment.
2  Defendant's speculation is just that—speculation.

3  Consequently, the Court has no credible justification—at least at this time—to
4  suspect that Assignee has not acquired full title to the Patents-in-Suit. *See Minco, Inc. v.*
5  *Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996) ("To create an assignment, a
6  contract must transfer: (1) the entire exclusive patent right, (2) an undivided interest in the
7  patent rights, or (3) the entire exclusive right within any geographical region of the United
8  States." (citing *Waterman v. Mackenzie*, 138 U.S. 252, 255 (1891))). Defendant argues
9  that "Plaintiff places undue reliance on the assignments," frowning upon Plaintiff's
10 recordation of assignments with the Patent Office as a mere rebuttable presumption of
11 validity. Opp'n at 4 (citing *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1328
12 (Fed. Cir. 2010)). But "the burden to rebut such a showing" of assignment validity by
13 reason of USPTO recordation is on the party challenging validity, and Defendant has not
14 met that burden here with speculation unsupported by concrete facts. *See SiRF Tech*,
15 601 F.3d at 1328.

16 Nevertheless, because the Court finds that little harm would result from maintaining
17 Plaintiff in this action so as to efficaciously allow the Parties to resolve any lingering issues
18 of standing with finality, it will follow the "other courts [that] have exercised their
19 discretion to join the transferee, rather than substituting that entity, until the ownership of
20 the patent could be resolved." *Uniloc USA*, 2019 WL 690290, at *2 (citing *Mars*,
21 2008 WL 5401604, at *1). Any question going to the merits of standing will be left for
22 another day, if and when Defendant's conjectures as to Assignee's standing materialize.

23 Based on the foregoing analysis, the Court **GRANTS** Plaintiff's Motion (ECF
24 No. 71). 4Web, LLC is to be joined as a plaintiff pursuant to Rule 25(c).

25 **IT IS SO ORDERED.**

26 Dated: November 8, 2024

Hon. Janis L. Sammartino
United States District Judge