UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4WEB, INC. and 4WEB, LLC,<br><br>                          Plaintiffs,<br><br>v.<br><br>NUVASIVE, INC.,<br><br>                          Defendant. | Case No.:  24-cv-01021-JLS-MMP<br><br>**ORDER GRANTING MOTION TO FILE DOCUMENT UNDER SEAL**<br><br>[ECF No. 121] |

Pending before the Court is the parties' "Joint Motion to File Under Seal: Joint Motion for Determination of 4WEB's Discovery Dispute Requesting NuVasive to Produce Product Samples and Documents" (hereinafter, "Joint Motion to File Under Seal"). [ECF No. 121.] The parties seek to seal portions of the Joint Motion for Determination of 4WEB's Discovery Dispute ("Discovery Motion") that NuVasive considers highly confidential, non-public business information about its production and sales of the Accused Products. [*Id.*] As part of the Joint Motion to File Under Seal, the parties included a proposed Public Redacted Version of the Discovery Motion.[1] [*Id.* at 6–28.]

---

[1] The redacted version of a motion is generally filed separately on the public docket as a standalone motion accompanied by any supporting declarations and exhibits (or redacted

1    When presented with a request to file a document under seal, courts begin with the
2  strong presumption in favor of the "general right to inspect and copy public records and
3  documents, including judicial records and documents." *Nixon v. Warner Commc'ns., Inc.*,
4  435 U.S. 589, 597 (1978). "The presumption of access is 'based on the need for federal
5  courts, although independent—indeed, particularly because they are independent—to have
6  a measure of accountability and for the public to have confidence in the administration of
7  justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)
8  (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

9    A party seeking to seal a judicial record bears the burden of overcoming the strong
10  presumption of access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th
11  Cir. 2003). The showing required to meet this burden depends upon whether the documents
12  to be sealed relate to a motion that is "more than tangentially related to the merits of a
13  case." *Ctr. for Auto Safety*, 809 F.3d at 1101, 1102. Where the underlying motion is "more
14  than tangentially related to the merits," there must be "compelling reasons" to overcome
15  the public's right of access. *Id.* at 1096–99, 1102. Where the underlying motion does not
16  surpass the tangential relevance threshold, materials may be sealed only upon a showing
17  of "good cause." *Id.* at 1097–99, 1101–02. For discovery documents attached to non-
18  dispositive motions (i.e., motions that are not more than tangentially related to the merits),
19  "the usual presumption of the public's right of access [to court filings] is rebutted." *Phillips
20  ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *see Ctr.
21  for Auto Safety*, 809 F.3d at 1097. A particularized showing of "good cause" will suffice

---

25  versions, as applicable). The Declaration of Christopher A. Pinahs, ECF No. 122-1
26  ("Declaration"), and Exhibits A through D, ECF No. 122-2 ("Exhibits"), were lodged
    under seal; however, the parties did not move to seal either document. [*See* ECF No. 121
27  at 1 (jointly moving to "to file under seal portions of the Joint Motion for Determination
28  of 4WEB's Discovery Dispute").] The Court provides instructions on addressing these
    issues in paragraph three below.

to seal documents produced in discovery. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1138).

Because the underlying motion relates to discovery, the Court finds the motion does not surpass the tangential relevance threshold and therefore applies the "good cause" standard. *See Foltz*, 331 F.3d at 1135 ("Applying the presumption of access in such a circumstance would undermine a district court's power to fashion effective protective orders."); *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1180) ("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'").

The Court finds good cause exists to file portions of the parties' Discovery Motion under seal. Accordingly, the Court **ORDERS** as follows:

1. The Court **GRANTS** the parties' Joint Motion to File Under Seal, ECF No. 121.

2. The Clerk is **DIRECTED** to file ECF No. 122 under seal.

3. To ensure accuracy of the docket, the Court **ORDERS** no later than **February 24, 2025**, Plaintiffs shall file their Public Redacted Version of the Discovery Motion accompanied by the supporting Declaration and Exhibits previously lodged under seal as ECF Nos. 122-1 and 122-2, as a separate, standalone motion on the public docket. In the event the parties intended to also move to seal either the Declaration or the Exhibits, they shall file a renewed motion seeking such relief and file redacted versions of the documents as part of the standalone Public Redacted Version of the Discovery Motion.

**IT IS SO ORDERED**.

Dated: February 20, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge