UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4WEB, INC. and 4WEB, LLC,<br><br>         Plaintiffs,<br><br>v.<br><br>NUVASIVE, INC.,<br><br>         Defendant. | Case No.: 24-cv-01021-JLS-MMP<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**<br><br>[ECF No. 158] |

  4WEB moves to file three documents under seal in support of its pending motion to compel discovery, ECF No. 160: (1) portions of its memorandum of points and authorities, (2) Exhibit C, and (3) Exhibit E. ECF No. 158. In accordance with the Court's ECF Administrative Policies and Procedures, 4WEB has lodged the proposed sealed documents. ECF No. 159. 4WEB asserts sealing is necessary to protect NuVasive's highly confidential and non-public business information produced in discovery as "Highly Confidential – Attorney's Eyes Only," including information related to licensing transactions and internal sales and marketing materials. ECF No. 150 at 2–3. 4WEB has concurrently filed a redacted publicly available version of its pending motion to compel discovery. ECF No. 160.

When presented with a request to file a document under seal, courts begin with the strong presumption in favor of the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101, 1102. Where the underlying motion is "more than tangentially related to the merits," there must be "compelling reasons" to overcome the public's right of access. *Id.* at 1096–99, 1102. Where the underlying motion does not surpass the tangential relevance threshold, materials may be sealed only upon a showing of "good cause." *Id.* at 1097–99, 1101–02. For discovery documents attached to non-dispositive motions (i.e., motions that are not more than tangentially related to the merits), "the usual presumption of the public's right of access [to court filings] is rebutted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *see Ctr. for Auto Safety*, 809 F.3d at 1097. A particularized showing of "good cause" will suffice to seal documents produced in discovery. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1138).

Because the underlying motion relates to discovery, the Court finds the motion does not surpass the tangential relevance threshold and therefore applies the "good cause" standard. *See Foltz*, 331 F.3d at 1135 ("Applying the presumption of access in such a circumstance would undermine a district court's power to fashion effective protective orders."); *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1180)

("Applying the good cause standard from Rule 26(c) as an exception for discovery-related motions makes sense, as the private interests of litigants are 'the only weights on the scale.'"). The Court finds good cause exists to file under seal portions of 4WEB's memorandum of points and authorities and Exhibits C and E in support of its pending motion to compel.

Accordingly, the Court **GRANTS** 4WEB's motion, ECF No. 158, and **DIRECTS** the Clerk to file under seal the proposed sealed documents lodged as ECF No. 159.

**IT IS SO ORDERED**.

Dated: May 20, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge