UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4WEB, INC. and 4WEB, LLC,<br><br>                              Plaintiffs,<br><br>v.<br><br>NUVASIVE, INC.,<br><br>                              Defendant. | Case No.: 24-cv-01021-JLS-MMP<br><br>**REDACTED PUBLIC VERSION**<br><br>**ORDER REQUIRING DECLARATION**<br><br>[ECF Nos. 208, 213] |

On March 17, 2025, the Court granted 4WEB's motion to compel and ordered NuVasive to produce "three additional samples of each of the Accused Products to be paid by 4WEB at the actual cost to NuVasive." ECF No. 145 at 8. The Court found, based on the parties' briefing, the actual cost to be " ███████████████ per sample"—i.e. individual unit. ECF No. 144 at 4; ECF No. 145 at 8. In doing so, the Court expressly rejected NuVasive's argument that 4WEB should be required to pay the average selling price as opposed to the cost to produce each sample. ECF No. 145 at 6–7; ECF No. 144 at 6–7. Furthermore, to ensure the accuracy of the ███████████████████████████████████████████████████████████████████ the Court expressly

ordered:

> To the extent NuVasive disputes ▮▮▮▮▮▮▮▮▮▮ does not accurately represent the "cost" of a sample of the Accused Products because it fails to include research and development costs, ECF No. 133 at 6 n.4, NuVasive may provide a declaration signed under penalty of perjury within seven days setting forth the actual cost to NuVasive of producing each sample of each Accused Product, inclusive of reasonable costs for pro rata research and development expenses.

ECF No. 144 at 7; ECF No. 145 at 7. The Court specified "[t]he declaration must provide a specific explanation of how NuVasive's actual costs were calculated including materials, production, and research and development expenses." *Id.* at n.4. Finally, the Court ordered "[i]f NuVasive fails to timely provide this declaration, its objection will be deemed waived and the cost will be deemed ▮▮▮ for purposes of this Order." *Id.* at 7.

NuVasive did not file any declaration. On April 22, 2025, NuVasive sent 4WEB an invoice ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ relying on the language of the Court's March 17, 2025 Order. ECF No. 213 at 2; ECF No. 208 at 2. As represented by the parties, some ten weeks later 4WEB disputed the invoice, asserting NuVasive must produce ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF No. 213 at 3; ECF No. 208 at 3.

The parties now jointly seek clarification of the Court's order. ECF Nos. 208, 213. 4WEB contends "[it] showed, and the Court accepted, that the actual cost to NuVasive is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." ECF No. 213 at 2; ECF No. 208 at 2. In response, NuVasive relies on the various references to "per sample" in the Court's March 17, 2025 Order and further asserts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is unsupported by the financial data NuVasive has produced in this litigation. ECF No. 213 at 4. In the alternative, NuVasive seeks permission to file the declaration permitted by the Court's Order, explaining it "did not file a declaration in reasonable reliance on the plain text of the Order[.]" *Id.*

As discussed above, the Court unambiguously ordered the three additional samples of each of the five Accused Products (fifteen in total) be produced at "the actual cost" to

NuVasive. The Court further identified the actual cost as ██████████████ and directed NuVasive to file a declaration if that estimate did not reflect its actual cost. It now appears the actual cost to NuVasive ████████████████████████████ ████████████████. Despite this, NuVasive did not file the declaration in response to the March 17, 2025 Order, likely because it resulted in a windfall. The Court is concerned this approach lacked candor. *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985) ("An attorney does not simply act as an advocate for his client; he is also an officer of the court. As such, an attorney has a duty of good faith and candor in dealing with the judiciary."). The Court likewise has questions about 4WEB's handling of this issue. 4WEB had notice of the Court's Order—which plainly contemplates ████████████████████████—on March 17. It also had notice of NuVasive's invoice in April, so it is unclear why 4WEB did not raise the issue with the Court sooner.

      The Court reiterates its March 17, 2025 Order—NuVasive must produce three additional samples (i.e. individual unit) of each of the five Accused Products (fifteen sample units in total) at <u>the actual cost</u> to NuVasive—not the average sale price of the sample unit, not the typical sale price of the sample unit. Based on the pending joint motion, it is clear further information is necessary to determine "the actual cost." While the Court is reluctant to provide NuVasive a second opportunity to file a declaration showing the actual cost when it disregarded the first, the actual cost must be determined to prevent a windfall to either party. Accordingly, the Court **ORDERS** as follows:

      1.    No later than **July 22, 2025**, NuVasive **SHALL** provide a declaration signed under penalty of perjury setting forth the actual cost to NuVasive of producing each sample (individual unit) as well as the total amount for the fifteen samples at issue (three samples of each of the five Accused Products). The declaration must provide a specific explanation of how NuVasive's actual costs were calculated including a breakdown of materials, production, and pro rata research and development expenses (if applicable). If NuVasive fails to provide a timely declaration setting forth its costs in reasonable detail, then the cost

1  will be deemed ████████████████████████████████████
2  ██████████

3    2.    No later than **July 29, 2025**, 4WEB shall have the opportunity to respond to
4  NuVasive's declaration.

5    **IT IS SO ORDERED**.

6  Dated:  July 16, 2025

*[signature]*
HON. MICHELLE M. PETTIT
United States Magistrate Judge