UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4WEB, INC. and 4WEB, LLC,<br><br>                         Plaintiffs,<br><br>v.<br><br>NUVASIVE, INC.,<br><br>                         Defendant. | Case No.: 24-cv-1021-JLS-MMP<br><br>**ORDER SUA SPONTE AMENDING AUGUST 4 ORDER; AND**<br><br>**GRANTING MOTION TO COMPEL RFP 63 AS NARROWED BY THE COURT** |

On August 4, 2025, the Court denied 4WEB's motion to compel NuVasive to produce documents responsive to Request for Production ("RFP") 63, which requests:

> For the time period from January 1, 2012, to the present, Documents sufficient to show quarterly and monthly sales figures (including but not limited to: sales revenue, unit sales, cost of goods sold, items considered in the calculation of cost of goods, net sales, gross margin, net rebate, net profit before interest, depreciation, and amortization) for NuVasive's spinal implants that are not the Accused Products, including but not limited to NuVasive's Cohere®, Coalesce®, and CoRoent® product lines and any predecessors.

ECF No. 233 at 5–12. The Court found although 4WEB had demonstrated relevance for purposes of discovery, the request was overly broad and not proportional. *Id.* at 9. The Court found as written, the request sought expansive financial information including sales revenue, unit sales, cost of goods sold, items considered in the calculation of cost of goods, net sales, gross margin, net rebate, net profit before interest, depreciation, and amortization

1  for all NuVasive's spinal implants other than the Accused Products. The Court further
2  noted while the request identified three product lines (the Cohere, Coalesce, and CoRoent),
3  RFP 63 is expressly not limited to these products; however, if it was limited to these
4  products, the Court would be inclined to find the request relevant and proportional. ECF
5  No. 233 at 10.

6  Since the parties' briefing concerning this motion to compel, there have been
7  numerous developments in this case relevant to the Court's ruling on proportionality as to
8  production of product-specific financial information, including as to the non-accused
9  products requested in RFP 63. The Court discusses these developments in detail in its
10 August 28, 2025 Order. ECF No. 264. Relevant here, NuVasive has produced a report
11 containing financial data on both the Accused Products and non-accused products (like the
12 Cohere) from the date of commercialization through the first fiscal quarter of 2022. Thus,
13 the report contains financial data responsive to RFP 63. ECF No. 186-3. NuVasive also
14 maintains a database of calculations, on an annual basis, for the standard cost of all its
15 manufactured products. ECF No. 264, 182-1 ¶ 6, 219 ¶ 4. In light of the significant
16 information gleaned regarding the financial data and databases available to NuVasive, the
17 Court finds providing product-specific information on its manufactured products, including
18 the non-accused products sought in RFP 63, is not as burdensome to NuVasive as the Court
19 previously understood.

20 Based on the information now known to the Court, the Court finds the benefit of the
21 financial data for the non-accused products to 4WEB's damages theory outweighs the
22 alleged burden to NuVasive in providing financial data. Further, to account for the claimed
23 undue burden and proportionality considerations, the Court narrows the scope of the
24 request as set forth below. *See Licea v. Beshay Foods, Inc.*, No. 19-cv-1565-JM-AHG,
25 2020 WL 1975059, at *1 (S.D. Cal. Apr. 23, 2020), 2020 WL 1975059, at *2 (recognizing
26 a district court may "expand, limit, or differ from the relief requested").
27 //
28 //

Accordingly, the Court finds it appropriate to **AMEND** its August 4 Order as to RFP 63 as follows:

1. The Court **GRANTS** 4WEB's motion to compel as to RFP 63. NuVasive must produce documents responsive to RFP 63 as follows:

> For the time period from January 1, 2015, to the present, Documents sufficient to show quarterly or yearly sales figures (including but not limited to: sales revenue, unit sales, cost of goods sold, items considered in the calculation of cost of goods, net sales, gross margin, net rebate, net profit before interest, depreciation, and amortization) for NuVasive's spinal implants that are not the Accused Products, including but not limited to NuVasive's Cohere®, Coalesce®, and CoRoent® product lines and any predecessors.

For the avoidance of any doubt, the Court **ORDERS** NuVasive must query the financial databases in its possession, custody, or control to generate and produce all available information that is responsive to RFP 63 as narrowed by the Court.

2. The Court **FURTHER ORDERS** NuVasive to produce the following documents:

   a. Documents sufficient to show the standard cost for all non-accused spinal implants NuVasive contends are acceptable non-infringing alternatives to the devices claimed in any of the Asserted Patents.

   b. Profit and Loss Statements for all its non-accused spinal implants NuVasive claims are acceptable non-infringing alternatives to the devices claimed in any of the Asserted Patents.

   c. Documents sufficient to show the average sales price for all non-accused spinal implant NuVasive contends are an acceptable, non-infringing alternative to the devices claimed in any of the Asserted Patents.

**IT IS SO ORDERED**.

Dated: August 28, 2025

HON. MICHELLE M. PETTIT
United States Magistrate Judge