UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4WEB, INC. AND 4WEB, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>NUVASIVE, INC.,<br><br>    Defendant. | Case No.: 24-CV-1021 JLS (MMP)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS 4WEB, INC.'S AND 4WEB, LLC'S MOTION TO FILE UNDER SEAL, AND**<br><br>**(2) GRANTING DEFENDANT NUVASIVE, INC.'S MOTION TO SEAL**<br><br>(ECF Nos. 287, 291) |

    Presently before the Court is Plaintiffs 4WEB, Inc.'s and 4WEB, LLC's ("4WEB") Motion to File Under Seal Portions of and Certain Exhibits to their Memorandum of Points and Authorities in Opposition to NuVasive's Motion for Leave to File Amended Invalidity Contentions ("4WEB Mot.," ECF No 287). Also before the Court is Defendant NuVasive, Inc.'s ("NuVasive") Motion to Seal Portions of its Reply ISO Motion for Leave to Amend its Invalidity Contentions Exhibits ("NuVasive Mot.," ECF No. 291).

    On September 3, 2025, NuVasive filed a Motion for Leave to Amend its Invalidity Contentions ("Mot. to Am.," ECF No. 273). On September 25, 2025, 4WEB filed an

Opposition to NuVasive's Motion for Leave to File Amended Invalidity Contentions ("Opp'n," ECF No. 289). On October 2, 2025, NuVasive filed a Reply in Support of its Motion for Leave to Amend its Invalidity Contentions ("Reply," ECF No. 293). The Parties now seek to seal information previously marked as "Confidential" and "Attorneys' Eyes Only" pursuant the Protective Order (ECF No. 19) issued by the District Court for the Eastern District of Texas in this matter prior to transfer to this Court. *See* 4WEB Mot. at 2; NuVasive Mot. at 1–2.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* A motion to amend invalidity contentions is no more than tangentially related to the merits and is thus subject to the less exacting good cause standard. *See Champion Power Equip. Inc. v. Firman Power Equip. Inc.*, No. CV-23-02371-PHX-DWL, 2025 WL 992005, at *2 (D.

Ariz. Apr. 2, 2025) (citing *Ctr. for Auto Safety*, 809 F.3d at 1097); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 12642225, at *1 (N.D. Cal. Apr. 17, 2014) ("Because a motion to amend infringement or invalidity contentions is a non-dispositive motion, the 'good cause' standard applies.") (citations omitted).

        4WEB asserts that it has compelling reasons and good cause to seek leave to file portions of its Opposition and Exhibits 5, 6, 7, and 8 attached thereto containing information designated "Confidential" and "Attorneys' Eyes Only" pursuant to the Protective Order under seal. 4WEB Mot. at 1–2. Specifically, 4WEB contends there is a risk of "providing 4WEB's competitors with highly sensitive and non-public business information . . . related to product development." 4WEB Mot. at 2. NuVasive seeks to seal portions of its Reply and Exhibit 6 and Exhibit 9 only because the information contained therein is subject to the Protective Order and takes "no position on whether there are compelling reasons and good cause to seal the materials." NuVasive Mot. at 2.

        First, the Court notes that, as 4WEB acknowledges, 4WEB Mot. at 2–3, an existing protective order is not in itself automatic grounds for subsequently granting a motion to seal. *Stoba v. Saveology.com, LLC*, No. 13-CV-02925-BAS(NLS), 2016 WL 1257501, at *2 (S.D. Cal. Mar. 31, 2016) ("A blanket protective order is not itself sufficient to show 'good cause' for sealing particular documents.") (first citing *Foltz*, 331 F.3d at 1133; then citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); and then citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999)).

        However, although the Parties' Motions are light on details, the Court finds that good cause exists independent of the Protective Order to seal the information. Courts generally find it appropriate to seal "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2019 WL 2359206, at *4 (N.D. Cal. June 4, 2019) (finding good cause to seal documents related to a party's "business operations and technology") (collecting cases); *Champion Power Equip. Inc.*, 2025 WL 992005, at *2. The Court also finds that

1  the Parties' requests to seal are narrowly tailored to select portions of the Parties' briefing
2  and exhibits.
3        Accordingly, the Court (1) **GRANTS** 4WEB's Motion to File Under Seal Portions
4  of and Certain Exhibits to their Memorandum of Points and Authorities in Opposition to
5  NuVasive's Motion for Leave to File Amended Invalidity Contentions (ECF No 287), and
6  (2) **GRANTS** NuVasive's Motion to Seal Portions of its Reply ISO Motion for Leave to
7  Amend its Invalidity Contentions Exhibits (ECF No. 291). The Clerk of Court **SHALL**
8  **FILE** the lodged unredacted copies of 4WEB's Opposition to NuVasive's Motion for
9  Leave to File Amended Invalidity Contentions (ECF No. 288) and Exhibits 5, 6, 7, and 8
10 (ECF Nos. 288-1, 288-2, 288-3, 288-4) and NuVasive's Reply in Support of its Motion for
11 Leave to Amend its Invalidity Contentions (ECF No. 292) and Exhibits 6 and 9 (ECF Nos.
12 292-1, 292-2) under seal.
13       **IT IS SO ORDERED.**
14 Dated: October 7, 2025

*[Signature]*
Hon. Janis L. Sammartino
United States District Judge