UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4WEB, INC. AND 4WEB, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NUVASIVE, INC.,<br><br>Defendant. | Case No.:  24-CV-1021 JLS (MMP)<br><br>**ORDER REGARDING MOTIONS TO SEAL RELATED TO *DAUBERT* MOTIONS**<br><br>(ECF Nos. 345, 349, 360, 363, 369, 375) |

Presently before the Court are Motions to Seal related to the Parties' *Daubert* Motions: (1) Defendant NuVasive, Inc.'s Motion to Seal (ECF No. 345) in connection with its Motion to Exclude Opinions of Plaintiffs 4WEB, Inc. and 4WEB, LLC's Experts Troy Drewry and Carrie Distler (ECF No. 347); (2) Plaintiffs 4WEB, Inc. and 4WEB, LLC's ("4WEB") Motion to File Under Seal Portions of and Certain Exhibits to Their Motion to Strike and/or Exclude Opinions and Testimony of NuVasive's Experts Michael Sherman and Philip Green (ECF No. 349); (3) NuVasive's Motion to Seal its Response in Opposition to Plaintiffs' Motion to Strike and Related Exhibits 5–6, 8, 10, 11, 12 (ECF No. 360); (4) 4WEB's Motion to File Under Seal Portions of and Certain Exhibits to Their Opposition to Defendant's Motion to Exclude Opinions of Plaintiffs' Experts Troy Drewry and Carrie Distler (ECF No. 363); (5) 4WEB's Motion to File Under Seal Portions of and Certain Exhibits to Their Reply in Support of Their Motion to Strike and/or Exclude Opinions and

1

Testimony of NuVasive's Experts Michael Sherman and Philip Green (ECF No. 369); and (6) NuVasive's Motion to Seal (ECF No. 375) in connection with its Reply in Support of its Motion to Exclude Opinions of Plaintiffs 4WEB, Inc. and 4WEB, LLC's Experts Troy Drewry and Carrie Distler (ECF No. 377).  For the reasons set forth below, the Court **GRANTS** the Motions to Seal (ECF Nos. 345, 349, 360, 363, 369, 375).

**LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135.  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102.  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98.  When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Under the "compelling reasons" standard, the party seeking protection must "present 'articulable facts' identifying the interests favoring continued secrecy *and* . . . show that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1181 (internal

24-CV-1021 JLS (MMP)

citations omitted) (first quoting *Foltz*, 331 F.3d at 1136; and then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  "The movant must make this required particularized showing for each document it seeks to seal." *Avnet, Inc. v. Avana Techs. Inc.*, No. 2:13-CV-00929-GMN, 2014 WL 4181831, at *1 (D. Nev. Aug. 20, 2014) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)).  And if the movant wishes to seal an entire document, they must show that their compelling interest cannot be protected by redacting only the sensitive portions of said document. *See In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz*, 331 F.3d at 1136–37.  If, by contrast, compelling reasons do not support sealing an entire document, the movant must offer compelling reasons to seal each portion of the documents they believe should be sealed.  *See Apex.AI, Inc. v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL 4157629, at *1 (N.D. Cal. June 23, 2023); *see also In re Roman Cath. Archbishop*, 661 F.3d at 425.

<b>DISCUSSION</b>

**I.      4WEB's Motions**

4WEB seeks to file under seal portions of and exhibits submitted with its Motion to Strike and/or Exclude Opinions and Testimony of NuVasive's Experts Michael Sherman and Philip Green (ECF No. 351), as well as portions of and exhibits submitted with its Reply in support thereof (ECF No. 371).  *See* ECF Nos. 349, 369.  4WEB also seeks to file under seal portions of and exhibits submitted with its Opposition to NuVasive's Motion to Exclude Opinions of its Experts Troy Drewery and Carrie Distler (ECF No. 365).  *See* ECF No. 363.

Beginning with 4WEB's Motion to Seal related to its *Daubert* Motion, 4WEB argues that its Motion and certain exhibits submitted with it could provide "competitors with highly sensitive and non-public business information," including information "relating to 4WEB's and NuVasive's financials, product development, and competitive analyses." ECF No. 349 at 2.  The Parties have designated this information as "Attorneys' Eyes Only" and "Confidential" pursuant to the Protective Order in this case (ECF No. 19).  *Id.* at 2–3.

3

4WEB makes the same arguments as to its *Daubert* Reply and Opposition.  ECF No. 363 at 2; ECF No. 369 at 2–3.

The Court notes that 4WEB has not made a particularized showing as to each document it seeks to seal, nor has it advanced compelling arguments as to why the Court should seal the exhibits in their entirety or cited any relevant authority.  *See* ECF No. 349 at 2–3; ECF No. 363 at 2; ECF No. 369 at 2–3.  However, in the interests of efficiency, and because the Court has granted leave to file similar information under seal, *see* ECF No. 380 (granting NuVasive's request to seal experts' deposition transcripts and reports), the Court **GRANTS** 4WEB's motions (ECF Nos. 349, 363, 369).  Having reviewed the documents, *see* ECF Nos. 350, 364, 370, the Court finds that they contain sensitive and confidential business information, and courts generally find it appropriate to seal "business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.  The Court further finds that 4WEB's requests to seal as to its *Daubert* Motion, Reply, and Opposition are narrowly tailored to the portions containing confidential and sensitive business information.  The Court cautions 4WEB to include sufficient detail as to each document it seeks to seal moving forward, as it is not the responsibility of the Court to search for independent justification to seal each document on the Parties' behalf.[1]  *See Avnet*, 2014 WL 4181831, at \*1 (stating that the movant must "make particularized showing for each document it seeks to seal" under the compelling reasons standard) (citation omitted).

## II.   NuVasive's Motions

NuVasive seeks to file under seal portions of and exhibits submitted with its Motion to Exclude Opinions of 4WEB's Experts Troy Drewry and Carrie Distler (ECF No. 347), as well as portions of and exhibits submitted with its Reply in support thereof (ECF No. ECF No. 377).  *See* ECF Nos. 345, 375.  NuVasive also seeks to file under seal portions of

---

[1] For example, 4WEB seeks to seal in their entirety Exhibits A–F and H–L to its Opposition, yet provides no explanation as to what these exhibits are or the specific information they contain in its Motion to Seal, leaving the Court to its own guessing game as to their significance.  *See* ECF No. 363 at 2.

24-CV-1021 JLS (MMP)

and exhibits submitted with its Opposition to NuVasive's Motion to Strike and/or Exclude Opinions and Testimony of NuVasive's Experts Michael Sherman and Philip Green (ECF No. 362).  *See* ECF No. 360.

### A. *Motion to Seal Regarding* Daubert *Motion* (ECF No. 345)

NuVasive asserts that compelling reasons exist to seal portions of its *Daubert* Motion, Exhibit 2 in its entirety, and portions of Exhibit 3.  ECF No. 345 at 2.  Exhibits 2 and 3, the expert reports of the Parties' damages experts, contain "confidential business information, including marketing information, descriptions of negotiations for potential financial acquisitions and licensing deals, and detailed financial data," which, if publicly disclosed, would provide competitors with "highly sensitive commercial information about revenues, profits, marketing, and product development."  *Id.* at 3.  NuVasive also seeks to seal portions of its *Daubert* Motion that "refer to (1) the royalty rate and damages award calculated by 4WEB's damages expert," which was "derived from confidential financial data" and "(2) NuVasive's gross profits and average sales prices."  *Id.* at 4.

Having reviewed the information, *see* ECF No. 346, the Court finds that the compelling reasons standard is met.  As NuVasive contends, its *Daubert* Motion and the damages experts' reports contain sensitive and confidential business information, and courts generally find it appropriate to seal "business information that might harm a litigant's competitive standing."  *Nixon*, 435 U.S. at 598.  NuVasive has made a particularized showing as to the basis for sealing each document.  *See* ECF No. 345 at 3–4.  Additionally, the Court finds that NuVasive's request to seal is narrowly tailored to the portions of the documents containing confidential and sensitive business information.  *See id.* at 4.  The Court further finds it appropriate to seal Exhibit 2, the expert report of Carrie Distler, in its entirety, as the Court has granted 4WEB's request to do so.  *See supra* at 4; *see also* ECF No. 364-2.  Accordingly, the Court **GRANTS** NuVasive's Motion to Seal (ECF No. 345).

/ / /

/ / /

24-CV-1021 JLS (MMP)

### B. Motion to Seal Regarding *Daubert* *Reply* (ECF No. 375)

NuVasive asserts that compelling reasons exist to seal portions of its *Daubert* Reply and Exhibits 20–22 in their entirety.  ECF No. 375 at 2.  Exhibits 20 and 21 contain "confidential financial information," "reflect[ing] the percentage of material, labor, and overhead that make up cost of goods for certain NuVasive products." *Id.* at 3.  Exhibit 22, an exhibit to the report of NuVasive's rebuttal damages expert, Philip Green, contains "financial information for the Modulus, HEDRON, and RISE products, including total units sold, total sales revenues, total costs of goods, gross profits, gross profits per unit, and gross margin." *Id.*  Portions of NuVasive's *Daubert* Reply refers to "calculations in 4WEB's damages expert Carrie Distler's analysis that are based on NuVasive's financial information." *Id.*  NuVasive argues that public disclosure of this information could provide "competitors with highly sensitive commercial information about revenues and profits." *Id.*

Having reviewed the information, *see* ECF No. 376, the Court finds that the compelling reasons standard is met.  As with NuVasive's *Daubert* Motion, NuVasive's *Daubert* Reply and Exhibits 20–22 contain sensitive and confidential business information.  NuVasive's request to seal its Reply is narrowly tailored to the portions containing such information.  Accordingly, the Court **GRANTS** NuVasive's Motion to Seal (ECF No. 375).

### C. Motion to Seal Regarding *Daubert* *Opposition* (ECF No. 360).

NuVasive asserts that compelling reasons exist to seal portions of its *Daubert* Opposition, Exhibits 5–6, 8, 10, 12 in their entirety, and portions of Exhibit 11.  ECF No. 360 at 2.  The Opposition and Exhibits contain similar sensitive business and financial information as those submitted with NuVasive's *Daubert* Motion and Reply, public disclosure of which would provide "competitors with highly sensitive commercial information about revenues, profits, marketing, and product development." *Id.* at 3–4 (explaining the information contained in each document).  Having reviewed the information, *see* ECF No. 361, the Court finds that the compelling reasons standard is met

24-CV-1021 JLS (MMP)

for the same reasons discussed above.  Accordingly, the Court **GRANTS** NuVasive's Motion to Seal (ECF No. 360).

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** the Parties' Motions to Seal (ECF Nos. 345, 349, 360, 363, 369, 375).  The Clerk of Court **SHALL FILE** under seal the sealed lodged proposed documents (ECF Nos. 346, 350, 361, 364, 370, 376).

**IT IS SO ORDERED.**

Dated:  April 30, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

24-CV-1021 JLS (MMP)