UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4WEB, INC. AND 4WEB, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NUVASIVE, INC.,<br><br>Defendant. | Case No.:  24-CV-1021 JLS (MMP)<br><br>**ORDER REGARDING MOTIONS TO SEAL RELATED TO MOTIONS FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 354, 357, 366, 372) |

Presently before the Court are Motions to Seal related to the Parties' cross Motions for Summary Judgment: (1) Plaintiffs 4WEB, Inc. and 4WEB, LLC's ("4WEB") Motion to File Under Seal Portions of and Certain Exhibits to Their Memorandum of Points and Authorities in Support of 4Web's Opposition to NuVasive's Motion for Summary Judgment (ECF No. 354); (2) Defendant NuVasive, Inc.'s Motion to Seal its Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment and Related Exhibits 1–5, (ECF No. 357); (3) Plaintiffs' Motion to File Under Seal Portions of and Certain Exhibits to Their Reply in Support of Their Motion for Partial Summary Judgment (ECF No. 366); and (4) Defendant NuVasive, Inc's Motion to Seal (ECF No. 372) in connection with its Reply in Support of its Motion for Summary Judgment of Invalidity and Non-Infringement of U.S. Patent Nos. 9,271,845, 9,549,823, 9,572,669, 10,849,756 (ECF No. 374).  For the reasons set forth below, the Court **GRANTS** 4WEB's Motion to Seal related to its

24-CV-1021 JLS (MMP)

Summary Judgment Opposition (ECF No. 354); **GRANTS** NuVasive's Motion to Seal related to its Summary Judgment Opposition (ECF No. 357); **GRANTS IN PART** 4WEB's Motion to Seal related to its Summary Judgment Reply (ECF No. 366); and **GRANTS** NuVasive's Motion to Seal related to its Summary Judgement Reply (ECF No. 372).

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Under the "compelling reasons" standard, the party seeking protection must "present 'articulable facts' identifying the interests favoring continued secrecy *and* . . . show that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1181 (internal

citations omitted) (first quoting *Foltz*, 331 F.3d at 1136; and then quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  "The movant must make this required particularized showing for each document it seeks to seal." *Avnet, Inc. v. Avana Techs. Inc.*, No. 2:13-CV-00929-GMN, 2014 WL 4181831, at *1 (D. Nev. Aug. 20, 2014) (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999)).  And if the movant wishes to seal an entire document, they must show that their compelling interest cannot be protected by redacting only the sensitive portions of said document.  *See In re Roman Cath. Archbishop*, 661 F.3d 417, 425 (9th Cir. 2011); *Foltz*, 331 F.3d at 1136– 37.  If, by contrast, compelling reasons do not support sealing an entire document, the movant must offer compelling reasons to seal each portion of the documents they believe should be sealed.  *See Apex.AI, Inc. v. Langmead*, No. 5:23-CV-02230-BLF, 2023 WL 4157629, at *1 (N.D. Cal. June 23, 2023); *see also In re Roman Cath. Archbishop*, 661 F.3d at 425.

**DISCUSSION**

**I.      4WEB's Motions**

4WEB seeks to file under seal portions of its Summary Judgment Opposition (ECF No. 356) and Reply (ECF No. 368) and related exhibits.  *See* ECF Nos. 354, 366.  4WEB asserts that compelling reasons exists to seal portions of its Opposition and certain exhibits submitted with it because the documents "contain confidential and highly sensitive business and technical information relating to the design and development of Defendant's products," which, if publicly disclosed, could provide "competitors with this highly sensitive and non-public information."  ECF No. 354 at 2.  The Parties have designated this information as confidential pursuant to the Protective Order in this case (ECF No. 19). *Id.*  4WEB makes the same arguments as to its Reply.  ECF No. 366 at 2.

The Court notes that 4WEB's Motions to Seal suffer from the same deficiencies as its Motions to Seal related to the Parties' *Daubert* Motions.  *See* ECF No. 381 at 4. However, having reviewed the documents, *see* ECF Nos. 355, 367, the Court finds that they include sensitive and confidential business information, which courts generally find

24-CV-1021 JLS (MMP)

appropriate to seal when disclosure could "harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.  Further, the Court has previously granted leave to file similar information under seal in this case.  *See* ECF No. 380; ECF No. 381.

The Court will not, however, grant 4WEB's request to seal Exhibit 12 to its Summary Judgement Reply or the portions of its Reply quoting the content of Exhibit 12. *See* ECF No. 367-2.  Exhibit 12 is an excerpt of the transcript from the February 6, 2025—public—claim construction hearing before this Court and does not appear to contain any confidential business information.  *See id.*  The Court thus does not find compelling reasons to seal this information.

Accordingly, the Court **GRANTS** 4WEB's Motion to Seal related to its Summary Judgment Opposition (ECF No. 354) and **DENIES IN PART** 4WEB's Motion to Seal related to its Summary Judgment Reply (ECF No. 366).  The Court again cautions 4WEB to "include sufficient detail as to each document it seeks to seal moving forward, as it is not the responsibility of the Court to search for independent justification to seal each document on the Parties' behalf."  ECF No. 381 at 4.

## II.    NuVasive's Motions

NuVasive seeks to file under seal portions of its Summary Judgment Opposition (ECF No. 359) and Reply (ECF No. 374) and related exhibits.  *See* ECF Nos. 357, 372. NuVasive asserts that its Opposition and Exhibits 1–5 and 7 contain "sensitive business and financial information," which, if disclosed, could provide "competitors with highly sensitive commercial information about revenues, profits, marketing, and product development."  ECF No. 357 at 2.  NuVasive further asserts that its Reply and Exhibit 26 "reveal[] confidential information about NuVasive's design and product development." ECF No. 372 at 3.  The Court finds that the compelling reasons standard is met, as NuVasive has made a particularized showing as to each document, *see* ECF No. 357 at 3 (describing the information contained in each exhibit); ECF No. 372 at 3 (describing the information contained in Exhibit 26), and its requests are narrowly tailored to the sensitive and confidential business information.  *See* ECF Nos. 358; 373.  Further, the Court has

24-CV-1021 JLS (MMP)

previously granted leave to file similar information under seal in this case.  *See* ECF No. 380; ECF No. 381.  Accordingly, the Court **GRANTS** NuVasive's Motions to Seal (ECF Nos. 357, 372).

**CONCLUSION**

In light of the foregoing:

(1)    The Court **GRANTS** 4WEB's Motion to Seal related to its Summary Judgment Opposition (ECF No. 354) and **DIRECTS** the Clerk of Court to file under seal the sealed lodged proposed documents (ECF No. 355).

(2)    The Court **GRANTS IN PART** and **DENIES IN PART** 4WEB's Motion to Seal related to its Summary Judgment Reply (ECF No. 366).  The Court **GRANTS** the Motion as to Exhibit 11 and the portions of which referred to in 4WEB's Reply.  The Court **DENIES** the Motion as to Exhibit 12 and the portions of which referred to in 4WEB's Reply.  The Court **DIRECTS** the Clerk of Court to file under seal the sealed lodged proposed documents (ECF Nos. 367, 367-1).  4WEB **SHALL FILE** an amended version of its Reply containing the appropriate redactions in accordance with the Court's ruling.

(3)    The Court **GRANTS** NuVasive's Motion to Seal related to its Summary Judgment Opposition (ECF No. 357) **DIRECTS** the Clerk of Court to file under seal the sealed lodged proposed documents (ECF No. 358).

(4)    The Court **GRANTS** NuVasive's Motion to Seal related to its Summary Judgement Reply (ECF No. 372) and **DIRECTS** the Clerk of Court to file under seal the sealed lodged proposed documents (ECF No. 373).

**IT IS SO ORDERED.**

Dated:  May 4, 2026

Hon. Janis L. Sammartino
United States District Judge

24-CV-1021 JLS (MMP)